1
2
3
4
5

**DUANE MORRIS LLP**
Gregory J. Newmark
Viviana L. Heger
865 South Figueroa Street, Suite 3100
Los Angeles, California 90017-5450
Tel:      +1 213 689-7400
Fax:      +1 213 689-7401
Email:   GNewmark@duanemorris.com
           VHeger@duanemorris.com

6
7
8
9

David A. Goldstein
One Market Plaza, Suite 220
Spear Tower
San Francisco, CA 94105
Tel:      +1 415 957-3020
Fax:      +1 415 957-3001
Email:   DAGoldstein@duanemorris.com

10
11

Attorneys for Defendant and Counterclaimant
NAPA SANITATION DISTRICT

12

IN THE UNITED STATES DISTRICT COURT

13

FOR THE NORTHERN DISTRICT OF CALIFORNIA

14
15
16
17
18
19
20

| | |
|---|---|
| HAGSTROM PROPERTIES, LLC, a California Limited Liability Company,<br><br>               Plaintiff,<br><br>       v.<br><br>NAPA SANITATION DISTRICT; CITY OF NAPA, a municipal corporation; DOES 1 - 25, inclusive,<br><br>               Defendants. | Case No. 4:25-cv-04369-HSG<br><br>**DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:          Haywood S. Gilliam, Jr.<br>Action Filed:   May 21, 2025 |

21
22
23
24
25
26
27
28

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

1

## ANSWER

2      Defendant Napa Sanitation District ("the District"), for itself alone, hereby answers

3   Plaintiff Hagstrom Properties, LLC's ("Hagstrom") First Amended Complaint ("FAC") and

4   asserts affirmative defenses as follow below.  The District answers as follows:

5      1.     In response to Paragraph 1, the District admits Exhibits A and B depict property

6   owned by Plaintiff ("Property").  The District is without sufficient knowledge or information to

7   form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies

8   each and every allegation contained therein.

9      2.     In response to Paragraph 2, the District admits it is a special district in the County

10  of Napa, California. The District denies each and every remaining allegation contained therein.

11     3.     In response to Paragraph 3, the District admits the City of Napa owned and

12  operated combined sewer pipes near the Property, as well as municipal separate storm sewer

13  system pipes, and has responsibility for maintaining its assets.  The District is without sufficient

14  knowledge or information to form a belief as to the truth of the allegations contained in said

15  paragraph, and on that basis denies each and every allegation contained therein.

16     4.     In response to Paragraph 4, the District is without sufficient knowledge or

17  information to form a belief as to the truth of the allegations contained in said paragraph, and on

18  that basis denies each and every allegation contained therein.

19     5.     In response to Paragraph 5, the District admits this Court has jurisdiction over the

20  claims asserted in the FAC.  The District is without sufficient knowledge or information to form a

21  belief as to the truth of the remaining allegations contained in said paragraph, and on that basis

22  denies each and every other allegation contained therein.

23     6.     In response to Paragraph 6, the District admits venue is proper in this Court. The

24  District is without sufficient knowledge or information to form a belief as to the truth of the

25  remaining allegations contained in said paragraph, and on that basis denies each and every other

26  allegation contained therein.

27  / / /

28  / / /

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

2                                    Case No. 4:25-cv-04369
DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

7.      In response to Paragraph 7, the District is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

8.      In response to Paragraph 8, the District admits a sanitary sewer lateral connected a former dry cleaner on Plaintiff's Property to sanitary sewer pipes and that such pipes were constructed so that the wastewater would flow as described in the FAC. The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.

9.      In response to Paragraphs 9, the allegations contained in Paragraph 9 consist of legal conclusions to which no response is required. To the extent there are further allegations requiring a response, the District admits the dry cleaners at Plaintiff's Property used PCE.  The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.

10.     In response to Paragraph 10, the District admits the dry-cleaning chemical perchloroethylene ("PCE") and breakdown volatile organic compounds ("VOCs") were identified in soil, soil vapor, and groundwater beneath the Property and admits Plaintiff is under the oversight and direction of the San Francisco Bay Regional Water Quality Control Board to remediate the Property and VOCs near the Property.  The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.

11.     In response to Paragraphs 11, the District is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.

12.     In response to Paragraph 12, the District admits the Blue Oak School asserted that PCE from the Property migrated to its middle school.  The District is without sufficient

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

Case No. 4:25-cv-04369
DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraphs, and on that basis denies each and every allegation contained therein.

13. In response to Paragraph 13, the District admits Plaintiff's consultant studied the VOCs at the middle school. The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraphs, and on that basis denies each and every allegation contained therein.

14. The allegations contained in Paragraph 14 consist of legal conclusions to which no response is required. To the extent there are further allegations requiring a response, the District admits Plaintiff contends the Blue Oaks Middle School assigned any claims it has against third parties to Hagstrom. The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraphs, and on that basis denies each and every allegation contained therein.

15. In response to Paragraph 15, the District admits it constructed, installed, owns, operates, and is responsible for the maintenance of sewer pipes in the vicinity of the Property. The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.

16. In response to Paragraph 16, the District admits that the City of Napa currently owns, operates, and is responsible for the maintenance of the Former Combined Sewer Pipe, which it currently operates as a storm sewer. The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.

17. In response to Paragraph 17, the District is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis denies each and every allegation contained therein.

18. In response to Paragraph 18, the District is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis denies each and every allegation contained therein.

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

Case No. 4:25-cv-04369

DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

19.     In response to Paragraph 19, the District denies that it acted negligently or unreasonably and denies that its acts and omissions caused releases and subsequent migration of wastewater and/or stormwater containing VOCs in the area Plaintiff studied.  The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.  To the extent this paragraph contains legal conclusions, they do not require a response.

20.     In response to Paragraph 20, the District is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21.     In response to Paragraph 21, the District denies that Hagstrom is entitled to recover from the District. The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.  To the extent this paragraph contains legal conclusions, they do not require a response.

22.     In response to Paragraph 22, to the extent that the allegations in this paragraph reference a document referred to as the BOS-NapaSan Claim, the document speaks for itself.  To the extent this paragraph contains legal conclusions about such a document, they do not require a response. The District admits that the BOS-NapaSan Claim was presented and denied by operation of law.  The District further admits it entered into a tolling agreement with the Blue Oak School.  The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.

23.     In response to Paragraphs 23, to the extent that the allegations in this paragraph reference a document referred to as the BOS-City Claim, the document speaks for itself.  The District is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

5                                                        Case No. 4:25-cv-04369
DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

24.     In response to Paragraph 24, to the extent that the allegations in this paragraph reference documents referred to as the Hagstrom-NapaSan Claim and Hagstrom-City Claim, the document speaks for itself.  To the extent this paragraph contains legal conclusions, they do not require a response.  The District admits that the Hagstrom-NapaSan Claim was presented and denied by operation of law.  The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

25.     In response to Paragraphs 25-26, the District is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis denies each and every allegation contained therein. To the extent this paragraph contains legal conclusions, they do not require a response.

26.     In response to Paragraph 27, the District admits that Hagstrom issued a notice to the District, a copy of which is attached as Exhibit J to the FAC. The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.  To the extent this paragraph contains legal conclusions, they do not require a response.

## FIRST CLAIM FOR RELIEF

### (CERCLA Cost Recovery:  42 U.S.C. § 9607(a))

27.     In response to Paragraph 28, the District reasserts its responses in relation to Paragraphs 1 through 27 of the FAC, as set forth above.

28.     In response to Paragraphs 29-31, the District is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis denies each and every allegation contained therein. To the extent these paragraphs contain legal conclusions, they do not require a response.

29.     In response to Paragraph 32, the District denies that there have been releases from the sewer lines in the manner alleged and denies it failed to adequately construct, install, inspect, repair, operate, and/or maintain sewer pipes within its current or former ownership and control. The District is without sufficient knowledge or information to form a belief as to the truth of the

1  remaining allegations contained in said paragraph, and on that basis denies each and every other

2  allegation contained therein.  To the extent this paragraph contains legal conclusions, they do not

3  require a response.

4         30.    In response to Paragraphs 33-34, the District is without sufficient knowledge or

5  information to form a belief as to the truth of the allegations contained in said paragraphs, and on

6  that basis denies each and every allegation contained therein. To the extent these paragraphs

7  contain legal conclusions, they do not require a response.

8                        **SECOND CLAIM FOR RELIEF**

9                    **(CERCLA Declaratory Relief:  42 U.S.C. § 9613(g)(2))**

10        31.    In response to Paragraph 35, the District reasserts its responses in relation to

11  Paragraphs 1 through 34 of the FAC, as set forth above.

12        32.    In response to Paragraph 36, the District admits that it denies it is responsible for

13  alleged releases of wastewater and/or stormwater containing VOCs into the environment from its

14  sewer pipes.  The District is without sufficient knowledge or information to form a belief as to the

15  truth of the remaining allegations contained in said paragraph, and on that basis denies each and

16  every other allegation contained therein.  To the extent this paragraph contains legal conclusions,

17  they do not require a response.

18        33.    In response to Paragraphs 37-39, the District is without sufficient knowledge or

19  information to form a belief as to the truth of the allegations contained in said paragraphs, and on

20  that basis denies each and every allegation contained therein. To the extent these paragraphs

21  contain legal conclusions, they do not require a response.

22                        **THIRD CLAIM FOR RELIEF**

23            **(RCRA Injunctive Relief and Costs of Litigation:  42 U.S.C. § 6972(a)(1)(B))**

24        34.    In response to Paragraph 40, the District reasserts its responses in relation to

25  Paragraphs 1 through 39 of the FAC, as set forth above.

26        35.    The allegations contained in Paragraph 41 consist of legal conclusions to which no

27  response is required. The District is without sufficient knowledge or information to form a belief

28

Duane Morris LLP
Attorneys at Law
Los Angeles

7                                    Case No. 4:25-cv-04369
DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

as to the truth of the allegations contained in said paragraphs, and on that basis denies each and every allegation contained therein.

36.     In response to Paragraphs 42-43, the allegations contained in Paragraphs 42-43 consist of legal conclusions to which no response is required.  The District is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis denies each and every allegation contained therein.

37.     In response to Paragraph 44, the District denies that wastewater and/or stormwater containing VOCs was released from sewer pipes in the manner alleged.  The District is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

38.     In response to Paragraph 45, to the extent that the allegations in this paragraph reference documents referred to as RCRA Notices, the documents speak for themselves.  The District admits Plaintiff issued the notice and that it has been more than 90 days since Hagstrom delivered the notice to the District.  The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.  To the extent this paragraph contains legal conclusions, they do not require a response.

39.     In response to Paragraph 46, the District denies that no state or federal agency has commenced or is prosecuting an action related to the alleged releases associated with the Property.  The District admits no state or federal agency has commenced or is prosecuting an action against the District. The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.

40.     The allegations contained in Paragraph 47 consist of legal conclusions to which no response is required.  To the extent Paragraph 47 alleges the District created an imminent and substantial endangerment, those allegations are denied. The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

8                                    Case No. 4:25-cv-04369
DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

41.     The allegations contained in Paragraph 48 consist of legal conclusions to which no response is required. The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.

### **FOURTH CLAIM FOR RELIEF**

### **(Inverse Condemnation – Physical Taking, CA Constitution Article I, § 19)**

42.     In response to Paragraph 49, the District reasserts its responses in relation to Paragraphs 1 through 48 of the FAC, as set forth above.

43.     In response to Paragraph 50, the District admits it has owned and operated, and continues to own and operate, underground sewer pipes in the vicinity of the Property as a purveyor of municipal services for public use.  The District denies that it did not reasonably design, construct, install, inspect, maintain, operate or repair its sewer pipes.  The District is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

44.     In response to Paragraph 51, the District denies that it failed to properly design, construct, install, inspect, maintain, operate, or repair sewer pipes; denies that its sewer pipes caused releases that damaged the Property and Blue Oaks Middle School property; and denies that present conditions have the potential to cause substantial harm to human health unless prohibitively expensive protective controls are used.  The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.  To the extent this paragraph contains legal conclusions, they do not require a response.

45.     In response to Paragraph 52, the District admits that is has not compensated Hagstrom or Blue Oak School.  The District denies that it is responsible to compensate Hagstrom or Blue Oak School or that it has caused them losses or damages.  The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

9                                          Case No. 4:25-cv-04369
DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

46.     The allegations contained in Paragraph 53 consist of legal conclusions to which no response is required.  To the extent there are additional allegations in said paragraph, they are denied.

**FIFTH CLAIM FOR RELIEF**

**(Continuing Private Nuisance – Cal. Code Civ. Proc. § 731; Cal. Civ. Code § 3479)**

47.     In response to Paragraph 54, the District reasserts its responses in relation to Paragraphs 1 through 53 of the FAC, as set forth above.

48.     In response to Paragraph 55, the District is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

49.     In response to Paragraph 56, the District denies that it acted or failed to act, negligently or recklessly, causing or contributing to releases of wastewater and/or stormwater containing VOCs into the environment and denies that it created conditions that have caused substantial and unreasonable interference with Plaintiff's use and enjoyment of its Property.  The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.

50.     In response to Paragraphs 57-60, the District is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis denies each and every allegation contained therein.  To the extent these paragraphs contain legal conclusions, they do not require a response.

51.     In response to Paragraph 61, the District denies that alleged releases of wastewater and/or stormwater containing VOCs are directly attributable to the District, and further denies it has failed in any other way to prevent or mitigate the alleged release of VOCs or that it has acted with negligence or recklessness, or that it intentionally failed to adequately construct, install, operate or maintain the sewer pipes within its current or former ownership and control.  The District is without sufficient knowledge or information to form a belief as to the truth of the

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

10                    Case No. 4:25-cv-04369

DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

1  remaining allegations contained in said paragraph, and on that basis denies each and every other

2  allegation contained therein.

3      52.    In response to Paragraphs 62-63, the District is without sufficient knowledge or

4  information to form a belief as to the truth of the allegations contained in said paragraphs, and on

5  that basis denies each and every allegation contained therein.

6  **SIXTH CLAIM FOR RELIEF**

7  **(Dangerous Condition of Public Property)**

8      53.    In response to Paragraph 64, the District reasserts its responses in relation to

9  Paragraphs 1 through 63 of the FAC, as set forth above.

10     54.    In response to Paragraph 65, the District admits its owns, operates, and controls

11  underground sewer pipes in the vicinity of the Property and Blue Oak Middle School, which

12  sewer pipes are used to provide municipal services. The District is without sufficient knowledge

13  or information to form a belief as to the truth of the remaining allegations contained in said

14  paragraph, and on that basis denies each and every other allegation contained therein.

15     55.    The allegations contained in Paragraph 66 consist of legal conclusions to which no

16  response is required.  The District denies that its sewer pipes are inadequately designed,

17  constructed, operated, or maintained. The District is without sufficient knowledge or information

18  to form a belief as to the truth of the remaining allegations contained in said paragraph, and on

19  that basis denies each and every other allegation contained therein.

20     56.    The allegations contained in Paragraph 67 consist of legal conclusions to which no

21  response is required.  The District is without sufficient knowledge or information to form a belief

22  as to the truth of the remaining allegations contained in said paragraph, and on that basis denies

23  each and every other allegation contained therein.

24     57.    In response to Paragraph 68, the District denies that defects in its sewer pipes

25  existed in the manner alleged.  The District is without sufficient knowledge or information to

26  form a belief as to the truth of the remaining allegations contained in said paragraph, and on that

27  basis denies each and every other allegation contained therein.

28  / / /

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

Case No. 4:25-cv-04369

DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

58.    The allegations contained in Paragraph 69 consist of legal conclusions to which no response is required.  The District denies that it committed any negligent or wrongful acts or omissions in the design, construction, operation, and maintenance of its sewer pipes.  The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.

59.    The allegations contained in Paragraph 70 consist of legal conclusions to which no response is required.  The District denies that its sewer pipes are the cause of a dangerous condition.  The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.

60.    As to Plaintiff's Prayer for Relief, Paragraphs 1-10, the District denies that Hagstrom is entitled to relief or to recover in any way against the District.  The District is without sufficient knowledge or information to form a belief as to whether Hagstrom may be entitled to relief against any other defendant, and on that basis denies that Hagstrom is entitled to relief against any other defendant.

## **GENERAL DENIAL**

To the extent the District has not responded to any allegations in the FAC, the District denies all such allegations. The responses reflect the current status of the District's knowledge and belief regarding the subject matter of the allegations set forth in the FAC. The District reserves the right to take further positions and raise additional defenses that may become apparent as a result of discovery subsequent to the filing of this Answer.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State Facts Sufficient to Constitute a Cause of Action)**

1.    As a first separate and distinct affirmative defense, this answering Defendant is informed and believes, and on that basis alleges, that the FAC, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

12    Case No. 4:25-cv-04369
DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

**SECOND AFFIRMATIVE DEFENSE**

**(Estoppel)**

2.     As a second separate and distinct affirmative defense, this answering Defendant is informed and believes, and on that basis alleges, that the FAC, and each cause of action therein, is barred by the doctrine of estoppel.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

3.     As a third separate and distinct affirmative defense, this answering Defendant is informed and believes, and on that basis alleges, that the FAC, and each cause of action therein, is barred by the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

4.     As a fourth separate and distinct affirmative defense, this answering Defendant is informed and believes, and on that basis alleges, that the FAC, and each cause of action therein, is barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

5.     As a fifth separate and distinct affirmative defense, this answering Defendant is informed and believes, and on that basis alleges, that the FAC, and each cause of action therein, is barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Not a Proximate Cause)**

6.     As a sixth separate and distinct affirmative defense, this answering Defendant is informed and believes, and on that basis alleges, that any act or omission to act by this answering Defendant was not a substantial factor in bringing about the incident and Plaintiff's alleged injuries and damages, if any, and, therefore, said act or omission to act was not the proximate cause of any injuries or damages suffered by Plaintiff.

/ / /

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

13                                                    Case No. 4:25-cv-04369
DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

**SEVENTH AFFIRMATIVE DEFENSE**

**(Compliance with Standard of Care)**

7.       As a seventh separate and distinct affirmative defense, this answering Defendant is informed and believes, and on that basis alleges, that its actions conformed to industry standards and practices and were based upon the state of knowledge existing at the time such actions took place. This answering Defendant alleges that Plaintiff is barred and precluded from any recovery in this action because this answering Defendant at all times complied with the applicable standard of care required.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

8.       As an eighth separate and distinct affirmative defense, this answering Defendant is informed and believes, and on that basis alleges, that the FAC, and each cause of action therein, is barred because Plaintiff has failed to mitigate its damages.

**NINTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

9.       As a ninth separate and distinct affirmative defense, this answering Defendant is informed and believes, and on that basis alleges, that Plaintiff was at fault with respect to the matters referred to in the FAC, and its own neglect and fault proximately contributed to the happening of the incidents complained of and either bars or proportionately reduces potential recovery by Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

**(Intervening Acts)**

10.       As a tenth separate and distinct affirmative defense, this answering Defendant is informed and believes, and on that basis alleges, that Plaintiff's damages, if any, were caused by intervening acts of others.

/ / /

/ / /

/ / /

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

14

Case No. 4:25-cv-04369

DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Conduct of Others)**

11.    As an eleventh separate and distinct affirmative defense, this answering Defendant is informed and believes, and on that basis alleges, that Plaintiff's damages, if any, were caused by the conduct of parties, including Plaintiff, or entities other than this answering Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Other Affirmative Defenses)**

12.    As a twelfth separate and distinct affirmative defense, this answering Defendant reserves its right to assert additional affirmative defenses in the event that discovery indicates that additional affirmative defenses are available.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Superseding Acts)**

13.    As a thirteenth separate and distinct affirmative defense, this answering Defendant is informed and believes, and on that basis alleges, that Plaintiff's damages, if any, were caused by superseding acts of others.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

14.    As a fourteenth separate and distinct affirmative defense, this answering Defendant is informed and believes, and on that basis alleges, that the FAC, and each cause of action therein, is barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure § 338, CERCLA § 113(g) [42 U.S.C. §9613(g)], Government Code § 911.2, and 28 U.S.C. § 2462.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Release of Hazardous Materials)**

15.    As a fifteenth separate and distinct affirmative defense, this answering Defendant is informed and believes, and on that basis alleges, that there has been no release or threatened release of hazardous substances within the meaning of 42 U.S.C. § 9607(a) by Defendant.

/ / /

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

15                                    Case No. 4:25-cv-04369
DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

1

2

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Act of Third Party)**

3    16.    As a sixteenth separate and distinct affirmative defense, this answering Defendant

4 is informed and believes, and on that basis alleges, that the release or threatened release of

5 hazardous substances which is alleged in the FAC was caused solely by the acts or omissions of a

6 third party, including Plaintiff, or third parties other than an employee or agent of Defendant and

7 with whom Defendant had no contractual relationship, and in connection therewith Defendant

8 exercised due care and took adequate precautions against foreseeable acts and omissions by any

9 such third parties.  Thus, under 42 U.S.C. § 9607(b), Defendant is not liable for any of the claims

10 asserted against Defendant.  Defendant is exempt from liability under CERCLA's "third party"

11 defense, codified at 42 U.S.C. § 9607(b)(3), because the contamination at issue was caused solely

12 by parties other than Defendant.

13

14

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Responsible Parties)**

15    17.    As a seventeenth separate and distinct affirmative defense, this answering

16 Defendant is informed and believes, and on that basis alleges, Plaintiff's CERCLA § 107(a) claim

17 (42 U.S.C. § 9607(a)) is barred because Plaintiff is a potentially responsible party.

18

19

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Remedial Action Costs)**

20    18.    As an eighteenth separate and distinct affirmative defense, this answering

21 Defendant is informed and believes, and on that basis alleges, some or all of the costs alleged in

22 the FAC do not constitute removal or remedial costs within the meaning of CERCLA, 42 U.S.C.

23 § 9601(23)-(24), and are therefore not recoverable.

24

25

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Contribution or Indemnity)**

26    19.    As a nineteenth separate and distinct affirmative defense, this answering

27 Defendant is informed and believes, and on that basis alleges, in the event that Defendant is held

28 responsible for any of the harm or damages alleged in the FAC, which it expressly denies, and

affirmative relief is granted against Defendant, Defendant is entitled, according to proof, to contribution or indemnity from Plaintiff or any other partly responsible party in this action pursuant to CERCLA and common law, and such contribution or indemnity would offset or eliminate any liability of Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Retroactive Liability Under CERCLA and/or RCRA)

20.   As a twentieth separate and distinct affirmative defense, this answering Defendant is informed and believes, and on that basis alleges, that Defendant is not liable to Plaintiff under any provisions of CERCLA or RCRA to the extent Plaintiff seeks to impose liability upon Defendant for acts or omissions that predate the enactment of CERCLA and/or RCRA.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Response Costs)

21.   As a twenty-first separate and distinct affirmative defense, this answering Defendant is informed and believes, and on that basis alleges, any response costs incurred by Plaintiff were neither necessary nor consistent with the National Contingency Plan, in accordance with CERCLA, 42 U.S.C. § 9607(a)(4)(B).  Some or all of the costs alleged in the FAC do not constitute response costs within the meaning of CERCLA, 42 U.S.C. § 9601, and, therefore, those costs are unauthorized and not recoverable.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Res Judicata/Claim Preclusion)

22.   As a twenty-second separate and distinct affirmative defense, this answering Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims are barred by the doctrine of res judicata/claim preclusion.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Collateral Estoppel/Issue Preclusion)

23.   As a twenty-third separate and distinct affirmative defense, this answering Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims are barred by the doctrine of collateral estoppel/issue preclusion.

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

17                    Case No. 4:25-cv-04369
DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

1

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

2

**(Immunity)**

3          24.      As a twenty-fourth separate and distinct affirmative defense, this answering

4    Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims are barred as

5    this Defendant has immunity under such statutes, including but not limited to, Government Code

6    §§ 810, et. seq. (Government Claims Act).

7

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

8

**(*De Minimis* Harm)**

9          25.      Any Contribution by Defendant to the damages alleged in the FAC, which is

10   denied, if any is proved, is *de minimis*. Defendant is exempt from liability under CERCLA

11   because any contribution by defendant to the contamination at issue was too small to affect

12   Plaintiff's damages and/or response costs.

13

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

14

**(No Contribution to Handling or Disposal)**

15         26.      Defendant is informed and believes, and on that basis alleges, Defendant is not

16   liable to Plaintiff because Defendant has not contributed to the past or present handling, storage,

17   treatment, transportation, or disposal of any solid or hazardous as alleged in the FAC.

18

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

19

**(Failure to Perform Conditions Precedent)**

20         27.      Defendant is informed and believes, and on that basis alleges, that Plaintiff failed

21   to perform the conditions precedent to commence this action against Defendant.

22

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

23

**(Assumption of Risk)**

24         28.      If it is found that Plaintiff incurred damages as a result of any act or omission of

25   Defendant, which is denied, Plaintiff had knowledge of such conduct and assume the risk of

26   injury.

27   / / /

28   / / /

Duane Morris LLP
Attorneys at Law
Los Angeles

18                                                    Case No. 4:25-cv-04369
DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

1

## TWENTY-NINTH AFFIRMATIVE DEFENSE

2

### (Consent)

3    29.    Defendant alleges that assuming, without admitting, that Defendant is in any way

4 liable in this case, Plaintiff consented to all acts and the conduct of Defendant or other third

5 parties and, therefore, Plaintiff's claims are barred.

6

## THIRTIETH AFFIRMATIVE DEFENSE

7

### (No Damages)

8    30.    Plaintiff has not suffered or sustained any damages as a consequence of any

9 conduct by Defendant.

10

## THIRTY-FIRST AFFIRMATIVE DEFENSE

11

### (No Damages)

12    31.    Defendant alleges that assuming, without admitting, that Defendant is in any way

13 liable in this case, any releases alleged against the District, if any, were federally permitted

14 releases excluded from liability under CERCLA and RCRA (e.g., 42 U.S.C § 9607(j)) and that

15 the activities alleged in the FAC were permitted by statute.

16

## <u>NAPA SANITATION DISTRICT'S PRAYER FOR RELIEF</u>

17    WHEREFORE, the District prays for relief as follows:

18    1.    That Hagstrom take nothing by reasons of its FAC;

19    2.    The FAC be dismissed with prejudice as to the District;

20    3.    The District be awarded its cost, including its reasonable attorneys' fees; and

21    4.    The District be awarded such other and further relief as the Court deems just and

22 equitable.

23    **The District hereby demands a jury on all issues so triable.**

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

Duane Morris LLP
Attorneys at Law
Los Angeles

19                                                    Case No. 4:25-cv-04369
DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

## NAPA SANITATION DISTRICT'S COUNTERCLAIMS

### (JURY TRIAL DEMANDED)

1.      Defendant and Counterclaimant Napa Sanitation District ("the District") hereby states its counterclaims to the First Amended Complaint ("FAC") of Plaintiff and Counter-defendant Hagstrom Properties, LLC ("Hagstrom"), as follows:

### THE PARTIES

2.      The District is a special district in the County of Napa, California.

3.      Upon information and belief, Hagstrom is a California limited liability company with its principal place of business at 870 Emerald Bay Road, Suite 307, South Lake Tahoe, California 96150. Upon information and belief, since at least 1955, Hagstrom has owned a shopping center located in downtown Napa, California, bounded to the north by Polk Street, to the west by Jefferson Street, to the south by Clay Street, and to the east by commercial, residential, and city properties, with Seminary Street further east (the "Property").

4.      The District constructed, installed, owns, operates, and is responsible for the maintenance of sewer pipes in the vicinity of the Property.  The District has a beneficial interest and franchise rights in the various properties through which its sewer pipes run.

### JURISDICTION

5.      Jurisdiction over the District's counterclaims is based on 28 U.S.C. § 1331 and on 42 U.S.C. § 9613(b). These counterclaims are brought under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601, et seq. ("CERCLA"). Jurisdiction of state law claims is based on 28 U.S.C. § 1367(a). These state law claims are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

### VENUE

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this judicial district.

/ / /

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

20                                    Case No. 4:25-cv-04369
DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

## **GENERAL ALLEGATIONS**

7.      Upon information and belief, the Property is a 2.6 acre parcel of land in downtown Napa.

8.      From approximately 1960 to 2003, a dry-cleaning business ("Dow Cleaners") leased and conducted dry-cleaning operations on a portion of the Property with the address 1634 Clay Street. A sanitary sewer lateral connected the former Dow Cleaners to sanitary sewer pipes that flow west to east beneath Polk Street, which in turn connect at the intersection of Polk Street and Seminary Street with sanitary sewer pipes that flow north to south beneath Seminary Street toward Clay Street.

9.      The District is informed and believes, and on that basis alleges, that for a significant portion of the time Dow Cleaners operated at the Property, Dow Cleaners used dry-cleaning chemicals, including but limited to tetrachloroethylene (also referred to as perchloroethylene, "perc" or "PCE"), and illegally discharged wastewater containing PCE into the sanitary sewer.  The District is informed and believes, and on that basis alleges, that Hagstrom, knew or should have known that Dow Cleaners was causing releases of PCE at and near the Property and, according to Plaintiff's own contentions, discharging waste containing PCE into the sanitary sewer.

10.      The District's sewer pipes are designed to handle sanitary sewage and limited types of industrial waste and are not designed to handle the disposal o of the hazardous waste Plaintiff alleges were discharged by its tenants into the sewer.

11.      The District is informed and believes, and on that basis alleges, that in 2002, Hagstrom discovered dry-cleaner chemicals including PCE and its breakdown products (collectively, "Volatile Organic Compounds" or "VOCs") in soil, soil vapor, and groundwater underlying the Property.

12.      Since 2002, VOC has been detected in soil, soil vapor, and groundwater on other properties in the vicinity of the Property.  For example, Hagstrom's environmental consultant, Trinity Source Group, Inc. ("Trinity") detected PCE exceeding applicable environmental screening levels in shallow groundwater and soil vapor under Seminary Street.  Additionally, on

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

21                                    Case No. 4:25-cv-04369
DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

1    information and belief, Blue Oak Middle School, located on Seminary Street between Polk Street

2    and Clay Street, has asserted that PCE from the Property had migrated to its property.

3       13. The District is informed and believes, and on that basis alleges, that by permitting

4    Dow Cleaners to use the Property in a manner that caused releases of PCE at and near the

5    Property and to illegally discharge waste containing PCE into the sanitary sewer, Hagstrom

6    caused VOCs to contaminate the soil and groundwater on the Property and nearby properties,

7    including rights-of-way in which the District has a property interest.  Additionally, by permitting

8    Dow Cleaners to use the Property to illegally discharge waste containing PCE into the sanitary

9    sewer, Hagstrom caused damage to the District's sanitary sewer system and property interests.

10       14. The District has incurred damages, and may in the future incur response costs and

11    damages, including but not limited to, expenses relating to the investigation, remediation,

12    mitigation, and monitoring of VOC-related contamination resulting from the illegal discharge of

13    waste containing PCE into the sanitary sewer, originating from the Property.

14             **FIRST CLAIM FOR RELIEF**

15       **(CERCLA Cost Recovery, Contribution, and Declaratory Relief:**
      **42 U.S.C. §§ 9607(a) and 9613(f)(1))**
16

17       15. The District realleges and incorporates by reference all preceding paragraphs of its

18    counterclaims into this claim for relief.

19       16. The District did not cause or contribute to the alleged contamination described in

20    Hagstrom's FAC.

21       17. The District believes, and on that basis alleges, that Hagstrom is responsible for

22    the alleged contamination at and in the vicinity of the Property, Blue Oak Middle School, and

23    other surrounding areas, as the current owner of the Property and as the owner of the Property

24    when Dow Cleaners was illegally discharging wastewater containing PCE into the environment.

25       18. To the extent any party has incurred recoverable response costs pursuant to

26    CERCLA § 107(a), 42 U.S.C. § 9607(a), and asserts liability for some or all of those costs against

27    the District pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), or asserts a contribution claim

28    against the District for such costs incurred by another party pursuant to CERCLA § 113(f)(1), 42

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

22           Case No. 4:25-cv-04369
DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

U.S.C. § 9613(1)(1), the District is entitled to one-hundred percent (100%) contribution, or

contribution in such other percentage as this Court deems appropriate, pursuant to CERCLA §

113(1)(1), 42 U.S.C. § 9613(f)(1), from Hagstrom.

19.     Additionally, an actual and justiciable controversy exists between the District and

Hagstrom regarding their respective rights and obligations for response costs that allegedly have

been incurred by Hagstrom and have and will be incurred by the District as a result of alleged

releases or threatened releases of hazardous substances.

20.     The District contends that it is entitled to a declaration that Hagstrom is liable for

all past, present, and future response costs and other damages incurred by the District in

connection with the Property. Based on information and belief, Hagstrom contends otherwise.

21.     The District is authorized to seek declaratory judgment against Hagstrom under 42

U.S.C. § 9613(f) and 28 U.S.C. § 2201.

## SECOND CLAIM FOR RELIEF

### (Common Law Contribution)

22.     The District realleges and incorporates by reference all preceding paragraphs of its

counterclaims into this claim for relief.

23.     The District denies all liability with respect to the alleged contamination described

in Hagstrom's FAC.  However, Hagstrom has alleged that the District is liable under a variety of

legal theories.  To the extent that the District may have any liability for any relief sought in any

judicial or administrative proceedings brough against it by any persons or entities with regard to

contamination of the soil and/or groundwater in, at, around and underlying the Property,

including without limitation, Hagstrom's FAC, then Hagstrom is liable to the District for

contribution for all costs, expenses, or damages incurred or awarded in legal or administrative

actions, clean-up costs, attorneys' fees and consultants' fees, and costs of litigation.

## THIRD CLAIM FOR RELIEF

### (Equitable Indemnification)

24.     The District realleges and incorporates by reference all preceding paragraphs of its

counterclaims into this claim for relief.

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

23                          Case No. 4:25-cv-04369
DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

25.     As a direct and proximate result of Hagstrom's acts or omissions, the District has been and will be required to act in the protection of its own interests by defending against the FAC filed in this action, by bringing these counterclaims.

26.     The District is without fault with respect to the matters alleged in the FAC and any other claim or action arising directly or indirectly from the alleged contamination of the soil, groundwater, and/or any other environmental media in, at, around, and underlying the Property. To the extent the District has any liability for any relief sought in any judicial or administrative proceedings brought against them by any persons or entities with regard to the alleged contamination of the soil groundwater, and/or any other environmental media in, at, around, and underlying the Property, including without limitation, the pending FAC, such liability is purely secondary, imputed, vicarious, or technical, and primary liability attaches to Hagstrom and is attributable to Hagstrom's acts or omissions.

27.     The District believes, and on that basis alleges, that Hagstrom is responsible to indemnify the District for any liability arising from Hagstrom's acts or omissions. The District further alleges that Hagstrom is either totally or partially liable. If total, the District is entitled to total indemnity from Hagstrom for any liability that may be assessed against the District arising directly or indirectly from contamination of the soil, groundwater, and/or any other environmental media in, at, around, and underlying the Property. If partial, Hagstrom is in some manner partially responsible for said liability and in equity must reimburse the District for any liability assessed by the Court, based on Hagstrom's own fault for the alleged liability arising directly or indirectly from contamination of the soil, groundwater, and/or any other environmental media in, at, around, and underlying the Property.

## FOURTH CLAIM FOR RELIEF

### (Continuing Public and Private Nuisance)

28.     The District realleges and incorporates by reference all preceding paragraphs of its counterclaims into this claim for relief.

29.     Hagstrom owns the Property.  Hagstrom, by acting or failing to act, negligently or recklessly caused or contributed to the ongoing release of wastewater and/or stormwater

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

containing VOCs into the environment, which are a result of years of illegal discharges of PCE from the Property.  The ongoing release of wastewater and/or stormwater containing VOCs has created conditions that have caused substantial and unreasonable interference with the District's use and enjoyment of its sewer pipes and its interests in properties through which its sewer pipes run.

30.     Additionally, such conditions have caused substantial and unreasonable interference to the use and enjoyment of the properties of a substantial number of people at the same time.

31.     An ordinary person would be reasonably annoyed or disturbed by the contamination of their property as a result of illegal discharges of waste containing PCE from the Property.

32.     Neither the District, nor the public, consented to any discharges of waste containing PCE into the sanitary sewer.

33.     The seriousness of the harm caused by the discharges from the Property outweigh the non-existent social utility of discharging PCE into the sanitary sewer and into the environment.

34.     The District suffered harm that was different from the type of harm suffered by the general public in that not only did Hagstrom interfere with the District's enjoyment and use of its interests in real property, as it did to the public, but it has also directly interfered with the District's enjoyment and use of its sewer pipes.

35.     Hagstrom's conduct was a substantial factor in causing harm to the District and to the public in that Hagstrom allowed Dow Cleaners to discharge wastewater containing PCE into the environment by discharging it into the sanitary sewer.

## **FIFTH CLAIM FOR RELIEF**

### **(Trespass)**

36.     The District realleges and incorporates by reference all preceding paragraphs of its counterclaims into this claim for relief.

/ / /

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

25                                          Case No. 4:25-cv-04369
DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

37.     The District owns, controls, and maintains sewer pipes, and interests in real property, in and around the Property.

38.     Hagstrom intentionally, recklessly, or negligently caused hazardous substances such as PCE and VOCs to enter into the District's sewer pipes and into the properties in which the District has real property interests relating to its sewer pipes.

39.     The District did not give permission to Hagstrom to cause the entry of hazardous substances into its pipes or into the related properties.

40.     The District has been harmed by the intrusion of hazardous chemicals emanating from the Property.

41.     Hagstrom's conduct was a substantial factor in causing harm to the District.

## NAPA SANITATION DISTRICT'S PRAYER FOR RELIEF

42.     WHEREFORE, the District requests the following relief on its counterclaims:

a.      Dismissal of the FAC against the District with prejudice;

b.      That the District be awarded its costs, expert consultants' fees, witness fees, and reasonable attorneys' fees incurred in defense of Hagstrom's action, as allowed by law;

c.      That if the District is held liable for more than its fair share of response costs, a judgment in favor of the District and against any other party held liable;

d.      For equitable indemnity and common law contribution, including reimbursement from, and to be made whole by, Hagstrom for any potential costs or other damages that may be assessed or charged to the District because of the contamination as described in Hagstrom's FAC;

e.      That Hagstrom take nothing by its action;

f.      For contribution under CERCLA section 113(f), 42 U.S.C. § 9613(f), from Hagstrom, if the District is found liable under CERCLA;

g.      For cost recovery under CERCLA § 107(a), 42 U.S.C. § 9607(a), from Hagstrom;

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

26                                Case No. 4:25-cv-04369
DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT

1        h.      For declaratory relief pursuant to CERCLA § 113, 43 U.S.C. § 9613(f) and

2   28 U.S.C. § 2201;

3        i.      For any and all general, incidental, consequential, and compensatory

4   damages according to proof;

5        j.      For pre-judgment interest at the legal rate;

6        k.      For all costs of suit incurred herein; and

7        l.      For such other and further relief as this Court deems just and proper.

8                            **JURY DEMAND**

9     43.    The District hereby demands a trial by jury on all claims (or any aspect thereof)

10  contained in its counterclaims as to which a trial by jury is proper.

11

12  Dated: September 11, 2025             Respectfully submitted,
                                            DUANE MORRIS LLP

13

14                                  By:     */s/ David A. Goldstein*

15                                    Gregory J. Newmark

16                                    Viviana L. Heger
                                    David A. Goldstein

17                                  Attorneys for Defendant
                                    and Counterclaimant

18                                  NAPA SANITATION DISTRICT

19

20

21

22

23

24

25

26

27

28

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

27                     Case No. 4:25-cv-04369
DEFENDANT NAPA SANITATION DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF HAGSTROM PROPERTIES, LLC'S FIRST AMENDED COMPLAINT