**DUANE MORRIS LLP**
Gregory J. Newmark
Viviana L. Heger
865 South Figueroa Street, Suite 3100
Los Angeles, California 90017-5450
Tel:   +1 213 689-7400
Fax:   +1 213 689-7401
Email: GNewmark@duanemorris.com
       VHeger@duanemorris.com

David A. Goldstein
One Market Plaza, Suite 2200
Spear Tower
San Francisco, CA 94105
Tel:   +1 415 957-3020
Fax:   +1 415 957-3001
Email: DAGoldstein@duanemorris.com

Attorneys for Defendant
NAPA SANITATION DISTRICT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAGSTROM PROPERTIES, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>NAPA SANITATION DISTRICT; CITY OF NAPA, a municipal corporation; DOES 1 - 25, inclusive,<br><br>Defendants. | Case No. 4:25-cv-04369-HSG<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION**<br><br>Judge:   Haywood S. Gilliam, Jr.<br>Date Action Filed: May 21, 2025 |

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

1                    Case No. 4:25-cv-04369-HSG
**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION**

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules. The Parties will use this Order to facilitate efficient, cost-effective discovery that preserves relevant information without imposing disproportionate burdens, and to minimize disputes through early and ongoing cooperation.

2. **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.

5. **SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. Unless specifically requested, with reasonable justification, the Parties agree that the circumstances of this case do not warrant the review or production of the following sources of ESI, except for where cause is shown: voicemail; text messages; instant messages; mobile devices (of

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

2                                Case No. 4:25-cv-04369-HSG
**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION**

smartphone size or smaller); and residual, fragmented, damaged, slack, and unallocated space data.

**6. PRODUCTION FORMATS**

(a) The parties agree to produce documents in PDF, TIFF, and/or native file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

(b) If documents are produced in native format, an electronic copy of the native files shall be separately provided.

(c) If documents are produced in an image formatted version, the following shall apply: They shall be produced as: (a) full-text searchable PDFs, or (b) TIFF images (single-page or multi-page) with accompanying document-level full text. An Opticon Image cross-reference file (i.e., ".opt" file type, the standard .opt load file compatible with major e-discovery platforms) shall also be produced with TIFF images. Any TIFF images produced by a Party will consist of single-page or multi-page, Group IV TIFF images at 300 dpi, with one file per image named after the Bates number with ".tif" as the extension. A Concordance formatted delimited file with a ".dat" file extension (the standard .dat load file compatible with major e-discovery platforms) and ASCII 020 and 254 delimiters for column break and text qualifier shall be provided. The first line will be the header containing field names. Each subsequent line will contain the fielded data for each document. If documents are not produced in an image formatted version, they shall be produced with accompanying document level full text.

(d) With respect to image formatted documents, the parties have also agreed to produce certain document information, including starting Bates number and ending Bates number, beginning attach, end attach, native file link, OCR, and confidentiality designations, if any.

(e) To the extent reasonably possible, the parties will attempt to use consistent field names across all productions. For email, for example, the parties will use To, From, CC, BCC, Date Sent, and Subject.

(f) The parties further agree that, to the extent reasonably possible, the Bates number

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

3     Case No. 4:25-cv-04369-HSG
STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION

field in the load file (i.e., dat file) will be processed without a space between the characters (e.g., "PARTY000001" or "PARTY_000001", not "PARTY 000001").

(g) Spreadsheets (e.g., Microsoft Excel) and database records (e.g., Access) shall be produced in native format, regardless of the form of the surrounding production, provided that such spreadsheets or database records are maintained in native format. Productions of spreadsheets or database records in TIFF or PDF may be made in addition to productions made in native form. In the event that the spreadsheet or database record contains information subject to the attorney-client privilege or other applicable privilege or immunity, the producing party shall either make an appropriate claim of privilege and withhold the document from production or provide a redacted version of the document (subject to the privilege log requirements discussed herein) in the appropriate PDF or TIFF form, and shall notify the receiving party of the Bates number of the document.

(h) When a party produces a document (including a spreadsheet or database record) in native format but the document is contained in a discrete production that is also interspersed with image formatted documents (in .TIFF or .PDF), the producing party shall also produce a slip sheet linked with the native file indicating the Bates number, as well as any confidentiality designations applicable to the document. The native format document itself need not contain Bates number(s) or any other designation(s), including confidentiality.

(i) The parties agree that in this matter, there will be no general obligation to produce metadata; however, to the extent such metadata is readily and inexpensively accessible as kept in the ordinary course of business, parties will use reasonable efforts to provide the following metadata for each produced email: to, from, cc, bcc, date sent, subject, custodian, file path, parent/child relationships, created/modified dates, MIME type/file type, file size, and hash values.

(j) Documents from Prior Litigations**:** Notwithstanding this stipulation, if a producing party is re-producing documents that were previously produced in a prior litigation or Public Records Act request, the producing party may produce such documents in the same format as they were previously produced without making such documents comply with the standards set

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

4                    Case No. 4:25-cv-04369-HSG
STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION

forth herein, although Bates stamps should be modified to reflect that the documents are being produced in this case. Parties reserve the right to request reproduction for purposes of this litigation if the manner in which the documents were previously produced obstructs discoverable information or is unreadable.

(k)  Culling/Filtering: Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Additional culling of system file types based on file extension may include: WINNT, LOGS, DRVS, C++ Program File (c), C++ Builder 6(cpp), Channel Definition Format (cdf), Creatures Object Sources (cos), Dictionary file (dic), Executable (exe), Hypertexxt Cascading Style Sheet (css), Javascript Source Code (js), Label Pro Data File (IPD), Office Data File (NICK), Office Profile Settings (ops), Outlook Rules Wizard File (rwz), Scrap Object, System File (dll), Temporary File (tmp), Windows Error Dump (dmp), Windows Media Player Skin Package (wmz), Windows NT/2000 event View Log file (evt), Python Script files (.py, .pyc, .pud, .pyw), Program Installers.

(l)  De-duplication: A party is only required to produce a single copy of a responsive document, and a party may de-duplicate responsive ESI on a global level, across all custodians, prior to production. The basis for such de-duplication shall be the MD5 or SHA1 Hash values, or some other later agreed to de-duplication method such as full text de-duplication. To generate either the MD5 or SHA1 has values for emails, the parties shall instruct their ESI processing vendors to take attachments into account for such hash value generation. An email shall only be considered a duplicate if the attachments are also the exact same as another email and its attachments.

**7. DOCUMENTS PROTECTED FROM DISCOVERY AND INADVERTENT PRODUCTION OF INFORMATION PROTECTED BY PRIVILEGE OR WORK PRODUCT**

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

5                    Case No. 4:25-cv-04369-HSG
STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION

production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

The receiving party shall not use documents, including ESI, that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.  The parties further agree that the inspection or production of documents (including physical objects) shall not constitute a waiver of attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery, either as to the specific information or materials disclosed or as to any other information or materials relating thereto or on the same or related subject matter (and none of the parties will assert such a waiver). As soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party shall provide written notice designating any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity, and request destruction or deletion of such documents if possible, or that the party immediately cease reviewing the material. Similarly, if a receiving party becomes aware of a producing party's production of potentially protected documents, the receiving party shall cease review and promptly notify the producing party to allow the producing party to make a claim of privilege or protection.

Upon request by the producing party, the receiving party shall immediately cease review of such documents, and destroy or delete, to the greatest extent possible, all copies of such inadvertently produced document(s), and all notes or other writings or recordings that summarize, reflect, or discuss the contents of such inadvertently produced document(s). The party shall then certify, in writing, that destruction or deletion of the documents has been completed in compliance with this section.

It is the desire, intention, and mutual understanding of the parties that all inadvertently or unintentionally disclosed documents that are entitled to protection under the attorney-client privilege or work product immunity or any other applicable privilege or immunity shall be treated as confidential and may not be disclosed by the receiving party to persons or entities

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

6     Case No. 4:25-cv-04369-HSG
STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION

other than the producing party without the written consent of the producing party.

If a receiving party inadvertently discloses any documents produced by another party to a person or an entity other than the producing party in a manner that is not authorized by the terms of this agreement, such disclosure shall not be deemed a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity, either as to the specific information or materials disclosed or as to any other information or materials relating thereto or on the same or related subject matter (and none of the parties will assert such a waiver). In such circumstances, after the producing party provides written notice designating such documents as within an applicable privilege or immunity, the receiving party shall immediately notify the producing party that such documents have been inadvertently disclosed to the third party, and the receiving party shall cooperate in good faith to restore the applicable privilege or protection with respect to the disclosed documents, including retrieval or destruction of all copies, to the extent possible.

The parties agree that no motion to compel or other argument for waiver of privilege will be raised based upon the inadvertent production of privileged information or a privileged document as contemplated by this agreement.

Nothing herein shall prevent the receiving party from challenging the propriety of the claim of attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

Without application to this Court, any party that is a beneficiary of the protections of this stipulation may enter into a written agreement releasing any other party hereto from one or more requirements of this stipulation even if the conduct subject to the release would otherwise violate the terms herein.

## 8. PRIVILEGE LOGS

The parties agree that a party responding to a discovery request for production of documents or other evidence is not required to serve a privilege log until another party requests service of a privilege log in writing after receiving the responding party's written response and/or production of documents. Following a written request for a privilege log, a party shall

have 30 days to provide a privilege log to the requesting party, unless an extension is sought and granted. If the volume of documents to be logged is significant, the parties shall negotiate in good faith a longer time period in which to provide a complete log.

(a) At a minimum, privilege logs shall include a numbered list of documents (1, 2, 3 …) that are either being withheld from production or redacted on the basis of a claimed privilege; document descriptions; document date(s); document author(s); document recipient(s); and the privilege(s) asserted with respect to each document claimed as privileged. Attachments to emails shall be logged separately from parent emails in privilege logs.

(b) The following categories of privileged communications need not be included in privilege logs provided that they are made on or after October 6, 2023:

- communications between a party and its outside counsel;
- communications between a party and its inside counsel;
- communications between a party's inside counsel;
- communications between a party's outside counsel;
- communications between a party's inside and outside counsel;
- communications between an insured party and its insurer(s);
- communications by and among a party, its consulting experts for this litigation, its testifying experts (to the extent privileged under FRCP 26), and/or its inside or outside counsel; and
- communications by and among outside counsel for parties, if made pursuant to a common interest privilege or a joint defense privilege.

Service of a written response to requests for production and/or production of documents without a privilege log will not be considered a waiver of privileges or immunities.

**9. DOCUMENT SUBPOENAS TO CONSULTANTS**

Documents relating to property at issue in this action that are in the possession, custody, or control of consultants engaged by the Parties ("Consultant(s)") shall be deemed to be in the

possession, custody, or control of the Party that retained the consultant, including:

- Tetra Tech (Napa Sanitation District);
- Trinity Consultants (Hagstrom Properties, LLC); and
- Roux Inc. (City of Napa).

To the extent that such documents are responsive to an FRCP 34 document request directed to a Party, such documents should be produced by that Party, such that no separate subpoena pursuant to FRCP 45 is required. To that end, Parties shall instruct such associated Consultants to search for and obtain documents responsive to FRCP 34 requests as if such Consultants, themselves, were subject to the requests.

### 10. NUMBERING OF EXHIBITS

Pursuant to Local Rule 30-2, the Parties agree on the following sequential numbering system that will be used for exhibits throughout the litigation, including trial: all deposition and trial exhibits will be sequentially numbered starting at 1.

### 11. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Respectfully submitted,

Dated: November 25, 2025           DUANE MORRIS LLP

By: /s/ David A. Goldstein
    David A. Goldstein
    Attorneys for Defendant
    NAPA SANITATION DISTRICT

Dated: November 25, 2025           BAY LAW GROUP LLP

By: /s/ Joshua Bloom
    Joshua Bloom
    Attorneys for Defendant
    CITY OF NAPA

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

9                Case No. 4:25-cv-04369-HSG
STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION

| | | |
|---|---|---|
| Dated: November 25, 2025 | | ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP |
| | | By: /s/ *Garrett L. Jansma*<br>Garrett L. Jansma<br>Attorneys for Plaintiff<br>HAGSTROM PROPERTIES, LLC |

I, David A. Goldstein, hereby attest, pursuant to N.D. Cal. Civil Local Rule 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto, with the person approving and consenting to the signing thereof noted on each signature line.

| | | |
|---|---|---|
| Dated: November 25, 2025 | | DUANE MORRIS LLP |
| | | By: /s/ *David A. Goldstein*<br>David A. Goldstein<br>Attorneys for Defendant<br>NAPA SANITATION DISTRICT |

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

10                     Case No. 4:25-cv-04369-HSG
STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION

# ORDER

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: 11/26/2025

_____
UNITED STATES DISTRICT JUDGE

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

11                                           Case No. 4:25-cv-04369
**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION**