MARSHALL C. WALLACE (BAR NO. 127103)
KAMRAN JAVANDEL (BAR NO. 272900)
JORDAN L. WRIGHT (BAR NO. 352005)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, California  94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516
E-Mail:  mwallace@allenmatkins.com
          kjavandel@allenmatkins.com
          jwright@allenmatkins.com

GARRETT L. JANSMA (BAR NO. 261825)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
2010 Main Street, 8th Floor
Irvine, California 92614-7214
Phone:  (949) 553-1313
Fax:  (949) 553-8354
E-Mail:  gjansma@allenmatkins.com

Attorneys for Plaintiff
Hagstrom Properties, LLC, a California Limited Liability
Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAGSTROM PROPERTIES, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>NAPA SANITATION DISTRICT; CITY OF NAPA, a municipal corporation; DOES 1 - 25, inclusive,<br><br>Defendant. | Case No 4:25-cv-04369-HSG<br><br>ASSIGNED FOR ALL PURPOSES TO Judge Haywood S. Gilliam, Jr.<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:   May 21, 2025<br>Trial Date:        September 13, 2027 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4921-2924-4281

Case No  4:25-cv-04369-HSG
STIPULATED PROTECTIVE ORDER

Plaintiff Hagstrom Properties, LLC ("Plaintiff") and defendants Napa Sanitation District and City of Napa ("Defendants") (collectively, the "Parties," and individually, a "Party"), by and through their respective counsel, hereby stipulate to, and petition the Court to enter, the following Stipulated Protective Order. The parties acknowledge that this Order substantially follows the Northern District of California's Model Stipulated Protective Order for Standard Litigation (Feb. 2022), with targeted revisions to incorporate additional protections for personally identifiable information and controlled use of artificial intelligence tools, as reflected below.

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter this Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and applicable Standing Orders set forth the standards and procedures that must be followed when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4921-2924-4281

-2-

Case No  4:25-cv-04369-HSG
STIPULATED PROTECTIVE ORDER

2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, e-discovery services, document hosting, metadata processing, exhibit preparation, court reporting, translation) and their employees and subcontractors, who are bound by written confidentiality and non-use obligations no less protective than this Order.

2.13    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4921-2924-4281                                          -3-

CASE NO  4:25-CV-04369-HSG
STIPULATED PROTECTIVE ORDER

2.14    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.15    <u>Personally Identifiable Information (PII)</u>: information that identifies or could reasonably be linked, directly or indirectly, with a particular individual, including, by way of example, Social Security numbers; driver's license or other government identification numbers; financial account numbers; dates of birth; home addresses; personal phone numbers or personal email addresses; medical or health information; benefits information; payroll data; tax information; emergency contact information; photographs identifying an individual when combined with other PII; and authentication credentials, as well as any combination of data elements that could reasonably identify a specific individual.

2.16    <u>Artificial Intelligence Tool or AI Tool</u>: any software, service, or system that processes materials using machine learning, large language models, or other algorithmic methods to generate outputs, summaries, analyses, or other transformations.

2.17    <u>Generative AI</u>: any AI Tool that produces novel text, code, images, audio, or other content based on prompts or inputs.

2.18    <u>Permitted AI Tool</u>: an AI Tool operated under an enterprise or private deployment with technical and contractual controls that: (a) prohibit the provider's use of inputs or outputs for model training, fine-tuning, or product improvement; (b) prohibit human review of inputs or outputs by the provider except for limited security or abuse monitoring; (c) provide data segregation, encryption in transit and at rest, and access controls; and (d) are subject to written confidentiality, non-use, access, and retention obligations materially comparable to this Order. Properly configured e-discovery processing and hosting platforms and legal-research tools qualify if they meet these requirements.

2.19    <u>Prohibited AI Tool</u>: any AI Tool that is publicly accessible; consumer-facing; lacks enterprise confidentiality controls; or permits the provider to use, retain, disclose, or human-review inputs/outputs for training, fine-tuning, or product improvement beyond limited security purposes.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4921-2924-4281                                    -4-

CASE NO  4:25-CV-04369-HSG
STIPULATED PROTECTIVE ORDER

3.     <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents,

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4921-2924-4281                                    -5-

CASE NO  4:25-CV-04369-HSG
STIPULATED PROTECTIVE ORDER

1  items, or communications for which protection is not warranted are not swept unjustifiably within

2  the ambit of this Order.

3       Mass, indiscriminate, or routinized designations are prohibited. Designations that are

4  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

5  unnecessarily encumber or retard the case development process or to impose unnecessary

6  expenses and burdens on other parties) expose the Designating Party to sanctions.

7       If it comes to a Designating Party's attention that information or items that it designated

8  for protection do not qualify for protection, that Designating Party must promptly notify all other

9  Parties that it is withdrawing the mistaken designation.

10       5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

11  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

12  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

13  designated before the material is disclosed or produced.

14       Designation in conformity with this Order requires:

15       (a)    For information in documentary form (e.g., paper or electronic documents,

16  but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

17  Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a

18  portion or portions of the material on a page qualifies for protection, the Producing Party also must

19  clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

20  A Party or Non-Party that makes original documents or materials available for inspection need not

21  designate them for protection until after the inspecting Party has indicated which material it would

22  like copied and produced. During the inspection and before the designation, all of the material made

23  available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

24  identified the documents it wants copied and produced, the Producing Party must determine which

25  documents, or portions thereof, qualify for protection under this Order. Then, before producing the

26  specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page

27  that contains Protected Material. If only a portion or portions of the material on a page qualifies for

28  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

appropriate markings in the margins).

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)     At the time a party produces Discovery Material it has designated as "CONFIDENTIAL", or otherwise designates Discovery Material as "CONFIDENTIAL" under this section, the Designating Party must serve a Notice of Designation on the Receiving Party, which notice identifies the basis for each designation.  Discovery Material designated "CONFIDENTIAL" shall only receive the protections of this Order if a Notice of Designation is served.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4921-2924-4281

-7-

CASE NO  4:25-CV-04369-HSG
STIPULATED PROTECTIVE ORDER

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4921-2924-4281                    -8-

CASE NO  4:25-CV-04369-HSG
STIPULATED PROTECTIVE ORDER

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4921-2924-4281                    -9-

CASE NO  4:25-CV-04369-HSG
STIPULATED PROTECTIVE ORDER

1          (c)      Experts (as defined in this Order) of the Receiving Party to whom

2 disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

3 and Agreement to Be Bound" (Exhibit A);

4          (d)      the court and its personnel;

5          (e)      court reporters and their staff, professional jury or trial consultants, mock

6 jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and

7 who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8          (f)      during their depositions, witnesses in the action to whom disclosure is

9 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

10 (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

11 transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

12 separately bound by the court reporter and may not be disclosed to anyone except as permitted

13 under this Stipulated Protective Order.

14         (g)      the author or recipient of a document containing the information or a

15 custodian or other person who otherwise possessed or knew the information.

16     7.3    <u>Use of AI Tools.</u>

17         (a)      No Party or person bound by this Order may input, upload, or disclose any

18 Protected Material to any Prohibited AI Tool. Consumer-facing or public interfaces of Generative

19 AI models are Prohibited AI Tools.

20         (b)      Parties and their Counsel may input, upload, or disclose any Protected

21 Material to a Permitted AI Tool for purposes of this litigation, provided that: (1) the tool is

22 configured so the provider does not access, retain (beyond minimal, time-limited security logs),

23 train on, or human-review Protected Material inputs or outputs derived from Protected Material;

24 (2) all outputs derived from Protected Material are treated as Protected Material under this Order

25 at the same designation level as the input; (3) access to outputs derived from Protected Material is

26 limited to individuals already authorized under this Order; and (4) reasonable safeguards are

27 implemented to ensure the security of Protected Material, including encryption and role-based

28 access controls, and disabling data-sharing or public-publishing features.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4921-2924-4281

-10-

CASE NO  4:25-CV-04369-HSG
STIPULATED PROTECTIVE ORDER

(c)    Provider and Vendor Obligations. Any AI provider or Professional Vendor engaged to process materials via a Permitted AI Tool must be bound by written contractual obligations at least as protective as this Order and must satisfy the definition of a Permitted AI Tool prior to being given access to Protected Materials. Upon request, the engaging Party shall identify the Permitted AI Tool(s) used and provide a written representation and/or documentation sufficient to show non-training, confidentiality, access controls, and retention limits as relating to Protected Materials. Full contracts need not be produced absent court order; any such production may be designated "CONFIDENTIAL."

(d)    No Training, Retention, or Human Review. Providers shall not use inputs or outputs containing Protected Material to train, fine-tune, or improve any model or service. Providers may maintain minimal, time-limited encrypted logs strictly necessary for security, abuse detection, and compliance, not to exceed 30 days absent law or court order, and such logs shall not be human-reviewed except as needed for security.

(e)    Incident Response.  If any Protected Material is disclosed to or retained within a Prohibited AI Tool, or otherwise used contrary to this Order, the Receiving Party shall provide written notice within three business days, sequester and cease further use, and take reasonable steps to purge any cached or retained data where feasible, then certify remediation in writing. De minimis, inadvertent disclosures promptly reported and remediated in good faith will not, by themselves, warrant sanctions, without prejudice to other remedies.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4921-2924-4281

-11-

CASE NO  4:25-CV-04369-HSG
STIPULATED PROTECTIVE ORDER

subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4921-2924-4281

-12-

CASE NO  4:25-CV-04369-HSG
STIPULATED PROTECTIVE ORDER

1    (3)    make the information requested available for inspection by the

2  Non-Party.

3    (c)    If the Non-Party fails to object or seek a protective order from this court

4  within 14 days of receiving the notice and accompanying information, the Receiving Party may

5  produce the Non-Party's confidential information responsive to the discovery request. If the Non-

6  Party timely seeks a protective order, the Receiving Party shall not produce any information in its

7  possession or control that is subject to the confidentiality agreement with the Non-Party before a

8  determination by the court. Absent a court order to the contrary, the Non-Party shall bear the

9  burden and expense of seeking protection in this court of its Protected Material.

10  10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

11    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

12  Material to any person or in any circumstance not authorized under this Stipulated Protective

13  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

14  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

15  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

16  terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

17  Agreement to Be Bound" that is attached hereto as Exhibit A. If the disclosure involves PII, the

18  Receiving Party shall promptly sequester the information, mitigate further disclosure, and confer

19  in good faith with the Producing Party regarding reasonable remedial measures.

20  11.    <u>MISCELLANEOUS</u>

21    11.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to

22  seek its modification by the court in the future.

23    11.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective

24  Order no Party waives any right it otherwise would have to object to disclosing or producing any

25  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

26  Party waives any right to object on any ground to use in evidence of any of the material covered

27  by this Protective Order.

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

4921-2924-4281                    -13-

CASE NO  4:25-CV-04369-HSG
STIPULATED PROTECTIVE ORDER

11.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

12.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4921-2924-4281

-14-

CASE NO  4:25-CV-04369-HSG
STIPULATED PROTECTIVE ORDER

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2   Date:    November 26, 2025                          **ALLEN MATKINS LECK GAMBLE**
3                                                       **MALLORY & NATSIS LLP**

4                                                       */s/ Kamran Javandel*
                                                        KAMRAN JAVANDEL
5                                                       Attorney for Plaintiff
6                                                       Hagstrom Properties, LLC

7
8   Date:    November 26, 2025                          **DUANE MORRIS LLP**

9                                                       */s/ Gregory Newmark*
                                                        GREGORY J. NEWMARK
10                                                      Attorney for Defendant
                                                        Napa Sanitation District
11

12  Date:    November 26, 2025                          **BAY LAW GROUP LLP**

13                                                      */s/ Joshua Bloom*
14                                                      JOSHUA A. BLOOM
                                                        Attorney for Defendant
15                                                      City of Napa

16
17       I, Kamran Javandel, hereby attest, pursuant to N.D. Cal. Civil Local Rule 5-1, that the

18  concurrence to the filing of this document has been obtained from each signatory hereto, with the

19  person approving and consenting to the signing thereof noted on each signature line.

20
21  Dated: November 26, 2025                            **ALLEN MATKINS LECK GAMBLE**
                                                        **MALLORY & NATSIS LLP**
22

23                                                      By:  */s/Kamran Javandel*
24                                                           Kamran Javandel
                                                             Attorney for Plaintiff
25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4921-2924-4281                        -15-

CASE NO  4:25-CV-04369-HSG
STIPULATED PROTECTIVE ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: __12/2/2025_____     _____
                                      United States District Judge

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

4921-2924-4281

-16-

CASE NO  4:25-CV-04369-HSG
STIPULATED PROTECTIVE ORDER

**Exhibit A**

**Acknowledgment and Agreement to Be Bound**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that:

      1.   I have read in its entirety and understand the Stipulated Protective Order entered in Hagstrom Properties, LLC v. Napa Sanitation District, et al., Case No. No 4:25-cv-04369-HSG, in the United States District Court for the Northern District of California.

      2.   I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

      3.   I will use any Materials or information designated as "CONFIDENTIAL" only for purposes of this litigation and not for any business, competitive, personal, or other purpose.

      4.   I will take reasonable steps to protect any personally identifiable information ("PII") I receive under the Order from unauthorized access, use, or disclosure, including by securely storing and transmitting such information, limiting copies, and returning or destroying such information as required by this Stipulated Protective Order.

      5.   I will not upload, input, or otherwise disclose any Confidential Information to any Prohibited AI Tool, and that any use of AI tools must comply with the requirements for a Permitted AI Tool set forth in this Stipulated Protective Order. I will not use any such materials to train, fine-tune, or improve any AI model or service.

      6.   I submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

      7.   I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California

1    agent for service of process in connection with this action or any proceedings related to

2    enforcement of this Stipulated Protective Order.

3                                                    Date: _____

4        City and State where sworn and signed: _____

5                                          Printed name: _____

6                                            Signature: _____