**DUANE MORRIS LLP**
Gregory J. Newmark
Viviana L. Heger
865 South Figueroa Street, Suite 3100
Los Angeles, California 90017-5450
Tel:        +1 213 689-7400
Fax:        +1 213 689-7401
Email:    GNewmark@duanemorris.com
             VHeger@duanemorris.com

David A. Goldstein
One Market Plaza, Suite 2200
Spear Tower
San Francisco, CA 94105
Tel:        +1 415 957-3020
Fax:        +1 415 957-3001
Email:    DAGoldstein@duanemorris.com

Attorneys for Defendant and Counterclaimant
NAPA SANITATION DISTRICT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAGSTROM PROPERTIES, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>NAPA SANITATION DISTRICT; CITY OF NAPA, a municipal corporation; DOES 1 - 25, inclusive,<br><br>Defendants. | Case No. 4:25-cv-04369-HSG<br><br>**STIPULATION TO PARTIALLY STAY PROCEEDINGS FOR 90 DAYS; [PROPOSED] ORDER**<br><br>Judge:    Haywood S. Gilliam, Jr.<br><br>Action Filed:    May 21, 2025<br>Trial Date:      September 13, 2027 |

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 4:25-cv-04369-HSG

Plaintiff and Cross-Defendant Hagstrom Properties, LLC ("Plaintiff"), Defendants Napa Sanitation District ("NapaSan"), and City of Napa (collectively, "Defendants") (Plaintiff and Defendants are collectively referred to herein as the "Parties"), by and through their respective counsel of record, hereby stipulate and respectfully request that the Court enter an order partially staying this case for 90 days to allow the Parties to focus on further settlement discussions.

1.    Good Cause and Purpose. The Parties, including their principals and counsel, participated in an in-person mediation with mediator Timothy Gallagher on May 7, 2026. Although the matter was not resolved at the mediation, the Parties have continued to actively engage in settlement discussions.  Mr. Gallagher has recommended that the Parties stay the matter for 90 days to focus on settlement discussions.  The requested stay is intended to conserve judicial resources and avoid unnecessary litigation activity while the Parties focus on complex settlement discussions. The partial stay will allow Plaintiff to continue field work discovery during the stay under previously-served requests for entry and inspection. NapaSan stipulates to the partial stay, nevertheless, as it has been recommended by Mr. Gallagher and in the spirit of good faith and compromise.

2.    Partial Stay Scope and Duration. The Parties stipulate to a stay of all proceedings—including pleading deadlines, all fact and expert discovery deadlines (including discovery motions and discovery response deadlines), subpoena responses, motion practice, and deadlines set or contemplated by the Court's Standing Orders—for a period of 90 days from the date the Court enters an order approving this stipulation. Notwithstanding the stay, Hagstrom may proceed with field investigation not to exceed the proposed scope of work site plan served by Hagstrom on Defendants on June 29, 2026. The parties agree the stay would not preclude Hagstrom from appropriately responding to an emergency or force majeure event that occurs during field work. NapaSan reserves the right to assert objections to the proposed scope of work site plan, consistent with its previously-served responses and objections to Hagstrom's requests for entry and inspection. The stay shall not preclude any party from seeking judicial relief regarding Hagstrom's ongoing discovery. After 90 days, the Parties will submit to the Court a status report regarding their settlement discussions.  If the Parties have not settled the matter, they

will either request a further 90-day stay or submit a proposed modified case scheduling order. Any proposed modified case scheduling order shall request a continuance of each deadline (only those which have not already passed as of the date of the filing of this stipulation) by approximately the same amount of time as the stay, unless all parties agree to request a continuance of a different length or to forgo such a request. The parties recognize that any requested continuance is subject to the Court's availability and approval.

      3.    Preservation of Rights. This stipulation does not waive any claims, defenses, or arguments of any Party and does not operate as an admission of liability or of any fact.

IT IS SO STIPULATED.

Dated: July 2, 2026

Respectfully submitted,
DUANE MORRIS LLP

By: _____ /s/ David A. Goldstein _____
Gregory J. Newmark
Viviana L. Heger
David A. Goldstein

Attorneys for Defendant
NAPA SANITATION DISTRICT

Dated:  July 2, 2026

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: _____ /s/ Adam B. Korn _____
Marshall C. Wallace
Kamran Javandel
Adam B. Korn
Jordan L. Wright

Attorneys for Plaintiff
HAGSTROM PROPERTIES, LLC

Dated:  July 2, 2026

WILSON ELSER MOSKOWITZ EDELMAN
& DICKER LLP

By: _____ /s/ Joshua N. Levine _____
Joshua N. Levine

Attorneys for Defendant
CITY OF NAPA

**<u>ATTORNEY ATTESTATION</u>**

I, David A. Goldstein, hereby attest, pursuant to N.D. Cal. Civil Local Rule 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto, with the person approving and consenting to the signing thereof noted on each signature line.


Dated:  July 2, 2026                                                  */s/ David A. Goldstein*
                                                                             David A. Goldstein

## [PROPOSED] ORDER

Pursuant to stipulation, IT IS SO ORDERED.

Date: _____

                                 _____
                                 HON. HAYWOOD S. GILLIAM, JR.
                                 UNITED STATES DISTRICT COURT JUDGE